## LI YOU CAO, Petitioner,

v.

## Michael B. MUKASEY, Attorney General,[1] Respondent.

### No. 07–4554–ag.

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle G. Latour, Assistant Director; Sunah Lee, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: ROGER J. MINER, SONIA SOTOMAYOR, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li You Cao, a native and citizen of the People's Republic of China, seeks review of the September 21, 2007 order of the BIA denying his motion to reopen. *In re Li You Cao*, No. A78 746 232 (BIA Sep. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006).

We find that the BIA did not abuse its discretion in denying Cao's motion to reopen as time and number barred. The regulations permit one motion to reopen and require that it be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). Here, it is undisputed that Cao's motion to reopen was untimely. However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as "changed country conditions" and distinguished from "changed personal circumstances." *See, e.g.*, *Yuen Jin v. Mukasey*, 538 F.3d 143, 151 (2d cir.2008).

The BIA reasonably found that Cao failed to establish changed country conditions. We have rejected the notion that the agency "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006) (noting that the Court "presume[s] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Here, the BIA listed all of the evidence Cao submitted in support of his motion, but found it insufficient to demonstrate that country conditions had changed since Cao's 2002 merits hearing with respect to the treatment of members of the Chinese Democracy Party ("CDP").

Indeed, the evidence Cao submitted in support of his motion was largely identical to that contained in the U.S. State Department's China Profile that was in the record before the Immigration Judge in 2002. Cao fails to point to any evidence he submitted with his motion that establishes changed country conditions. *See Xiao Ji Chen*, 471 F.3d at 337 n. 17. Moreover, to the extent that Cao argued that his proceedings should be reopened based on a change in his personal circumstances, the BIA properly found that argument to lack merit. *Yuen Jin*, 538 F.3d 143, 151, 154–56 (2d Cir.2008) (according *Chevron* deference to the BIA's decision in *In re C–W–L–*, 24 I & N Dec. 346 (BIA 2007)). Accordingly, we find that the BIA did not act arbitrarily or capriciously in denying Cao's motion to reopen.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DE-

---

**2.** While Cao argues that the BIA erred in failing to consider whether he qualified for CAT relief, the BIA was not required to make this determination on the merits where he failed to make the threshold showing that country conditions had changed so as to warrant the reopening of his removal proceedings. *See* 8 C.F.R. § 1003.23(b)(1), (b)(4)(i).

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).